UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. S1-4:05CR385 JCH |
| | ) | (FRB) |
| JEROME MORRIS, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

All pretrial motions in the above cause were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). The defendant filed a Motion to Suppress Evidence (Docket No. 22). Testimony and evidence was adduced on the motion at a hearing before the undersigned on September 21, 2005. From the testimony and evidence adduced at that hearing the undersigned makes the following findings of fact and conclusions of law:

Findings of Fact

On January 24, 2005, at about 9:30 p.m., Officer Durand Brasfield of the St. Louis, Missouri, Police Department received a radio dispatch to investigate a complaint of a disturbance at Lillian and Goodfellow Avenues in the City of St. Louis. The dispatch included a description of the persons involved in the disturbance. Officer Brasfield and his partner, Officer Dampier, then drove to that location. They were in uniform and in a marked police vehicle.

Upon arrival at the location Officer Brasfield observed a man and a woman, who fit the description given by the dispatcher, engaged in an argument. Officer Brasfield got out of the police car and approached the two people and asked, "What's going on?". The man involved in the argument then ran away. The man was later identified as Jerome Morris, the defendant here. Officer Brasfield gave chase. Morris ran around the corner and behind a restaurant building at the location. As Officer Brasfield turned the corner of the building he was confronted by Morris who was holding a gun in his hand and pointing it at Officer Brasfield. Morris had apparently stopped running because he had encountered a wall behind the building and could proceed no further. Officer Brasfield ordered Morris to drop the gun. Morris then threw the gun over the roof of the building. Officer Brasfield then ordered the defendant on to the ground. When Officer Brasfield attempted to handcuff the defendant a struggle ensued. Morris was subdued and placed under arrest for flourishing the weapon at Officer Brasfield and for assaulting a police officer. After Morris was arrested Officer Dampier advised Morris of his <u>Miranda</u> rights. Morris said he hadn't done anything. The officers later found the gun which Morris had thrown away in an alley adjacent to the restaurant building.

## Discussion

As grounds to suppress the firearm seized by the officers the defendant asserts in his motion that the weapon was seized in

violation of his Fourth Amendment rights. He makes no further specific averment.

The officers were dispatched to investigate a report of a disturbance. When they reached the reported location of the disturbance they saw a man and a woman fitting the description given by the dispatcher engaged in an argument in an open public area. The officers approached the two persons to investigate. Police officers may lawfully approach a person in a public place and ask to speak to them. United States v. Drayton, 536 U.S. 194, 200 (2002); Florida v. Rodriquez, 469 U.S. 1, 5-6 (1984); Terry v. Ohio, 392 U.S. 1, 34 (1968) (White, J., concurring). Upon the approach of the officers the defendant fled. Unprovoked flight upon the approach of a police officer gives the officer reasonable grounds to pursue and stop the fleeing person in order to investigate further to determine whether the person is engaged in criminal activity. Illinois v. Wardlow, 528 U.S. 119, 125 (2000).

When Officer Brasfield rounded the corner of the restaurant building he was confronted by Morris pointing a gun a him. At that time Officer Brasfield had probable cause to believe that Morris was committing a felony offense. See R.S.Mo. § 571.030.1(4). (A person commits the crime of unlawful use of weapons if he knowingly . . . exhibits, in the presence of one or more persons, any weapon readily capable of lethal use in an angry or threatening manner.) When an officer observes a person committing a felony offense in his presence he may lawfully arrest

that person without a warrant.  <u>United States v. Watson</u>, 423 U.S. 411, 418 (1976); <u>Gerstein v. Pugh</u>, 420 U.S. 103 (1975).  The subsequent seizure of the gun, which was found in plain view, was lawful.  <u>Horton v. California</u>, 496 U.S. 128 (1990).

Further, when Officer Brasfield ordered Morris to drop the gun he instead threw it over the roof of the nearby building, thereby voluntarily abandoning the weapon.  <u>United States v. Kelly</u>, 329 F.3d 624 (8th Cir. 2003).  Police officers may lawfully seize abandoned property without a warrant.  <u>Abel v. United States</u>, 362 U.S. 217, 241 (1960).

### Conclusion

For all of the foregoing reasons the defendant's Motion to Suppress Evidence should be denied.

**IT IS HEREBY RECOMMENDED** that defendant's Motion to Suppress Evidence (Docket No. 22) be denied.

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation.  Failure to timely file objections may result in waiver of the right to appeal questions of fact.  <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990).



UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of September, 2005.