UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. S2-4:05CR385 JCH |
| | ) | (FRB) |
| JEROME MORRIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM,**
**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

All pretrial motions in the above cause were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

The defendant filed a Motion to Suppress Evidence (Docket No. 22). Testimony and evidence was adduced on that motion on September 21, 2005. Thereafter, on September 26, 2005, the undersigned filed a Report and Recommendation as to that motion (Docket No. 27). The defendant filed objections to the Report and Recommendation on October 5, 2005 (Docket No. 28). Those remain pending before the District Court at this time.

Thereafter, on January 4, 2006, new counsel was appointed to represent the defendant in this cause. A second superseding indictment was filed on January 12, 2006, and on January 18, 2006, the defendant was arraigned on that indictment and entered a plea of not guilty. The defendant was granted until January 23, 2006,

in which to file any additional motions.  On January 23, 2006, defendant requested additional time to and including February 13, 2006, in which to file motions.  The request was granted.  On February 13, 2006, the defendant filed several motions, to which the government responded.  The motions were scheduled to be heard on February 23, 2006.

However, on February 16, 2006, counsel filed a motion requesting that a psychiatric examination be conducted to determine the defendant's competency to proceed in this cause.  The motion was granted and a psychiatric examination was ordered.  The defendant subsequently underwent a psychiatric examination at a federal medical facility.  A report regarding the examination was filed with the court on June 29, 2006 (Docket No. 76)(filed under seal).  On July 5, 2006, a hearing was held before the undersigned to determine the defendant's competency to proceed.  The issue was submitted to the court by both parties solely on the information set out in the report.  The undersigned found the defendant competent to proceed.

Counsel for the defendant informed the court that he did not wish or find it necessary to present evidence on the motions previously filed and asked that the issues be considered and decided on the motions and memoranda as submitted. The undersigned proceeds accordingly.

1. <u>Defendant's Motion for Bill of Particulars</u>
   (Docket No. 61)

The purpose of a bill of particulars is to apprise the defendant of the nature of the charges against him and to prevent undue surprise at trial. <u>United States v. Miller</u>, 543 F.2d 1221, 1224 (8th Cir. 1976), <u>cert. denied</u>, 429 U.S. 1108 (1977). However, a bill of particulars is not a proper vehicle by which to seek evidentiary detail or the government's theory of the case. <u>United States v. Largent</u>, 545 F.2d 1039 (6th Cir. 1976); <u>United States v. Matlock</u>, 675 F.2d 981, 986 (8th Cir. 1982). The indictment in this case is sufficiently precise that it informs the defendant of the charge against him to enable him to prepare a defense, to avoid the danger of surprise at trial, and to plead his acquittal or conviction as a bar to further prosecution on the same offense. <u>Wong Tai v. United States</u>, 273 U.S. 77 (1927).

Further, in its response to defendant's motion the government asserts that it has provided discovery material and reports to the defendant which sets out the specific information sought by the defendant in his motion. This assertion is not denied by the defendant. "Full discovery also obviates the need for a bill of particulars." <u>United States v. Giese</u>, 597 F.2d 1170, 1180 (9th Cir. 1979). <u>See</u> <u>also</u> <u>United States v. Kilroy</u>, 523 F.Supp. 206, 211 (D.Wis. 1981).

Therefore, the defendant's motion should be denied.

2. <u>Motion to Dismiss Counts I and II of the Second Superseding Indictment</u> (Docket No. 62)

Count I of the second superseding indictment charges the defendant with being a felon in possession of a firearm and ammunition which had previously traveled in interstate or foreign commerce, in violation of 18 U.S.C. § 922(g)(1). Count II of the second superseding indictment charges the defendant with being a felon in possession of ammunition which had previously traveled in interstate or foreign commerce, in violation of 18 U.S.C. § 922(g)(1). (The incidents are alleged in the indictment to have occurred on separate dates several months apart).

As grounds to dismiss these counts the defendant asserts in his motion that the statute under which he is charged, 18 U.S.C. § 922(g)(1) "violates the 2nd Amendment of the United States Constitution which prohibits any infringement on the right of the people to keep and bear arms." As the government points out in its response to defendant's motion, and as the defendant acknowledges, the Eighth Circuit Court of Appeals has considered and squarely rejected the claim made by the defendant here. <u>See</u> <u>United States v. Waller</u>, 218 F.3d 856, 857 (8th Cir. 2000); <u>United States v. Wilson</u>, 315 F.3d 972, 978 (8th Cir. 2003).

As an additional ground to dismiss the counts of the indictment the defendant avers in his motion that 18 U.S.C. § 922(g)(1) is "unconstitutional because its possession prong does not regulate an item in interstate commerce nor is it a regulation

of an activity that substantially affects interstate commerce." The defendant premises this claim on the assertion that the United States Supreme Court's decisions in several cases teach that in enacting § 922(g)(1) Congress has exceeded its authority to regulate interstate commerce. See United States v. Lopez, 514 U.S. 549 (1995); United States v. Morrison, 529 U.S. 598 (2000); Jones v. United States, 529 U.S. 848 (2000). As with defendant's first ground, the Eighth Circuit Court of Appeals has considered and rejected the specific argument advanced here by the defendant. In United States v. Gary, 341 F.3d 829, 835 (8th Cir. 203) the Eighth Circuit examined 18 U.S.C. § 922(g)(1) in light of the Supreme Court's holdings in Lopez, Morrison and Jones, and held that the statute was not an unconstitutional exercise of the power of Congress to regulate interstate and foreign commerce. See also United States v. Stuckey, 255 F.3d 528, 529-30 (8th Cir. 2001); United States v. Shepherd, 284 F.3d 965, 969 (8th Cir. 2002).

Therefore, the defendant's motion should be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion for Bill of Particulars (Docket No. 61); and Motion to Dismiss Counts I and II of the Second Superseding Indictment (Docket No. 62) be denied.

The parties are advised that they have to and including **July 24, 2006,** in which to file written objections to this Report

and Recommendation.  Failure to timely file objections may result in waiver of the right to appeal questions of fact.  <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990).

                                              */s/ Frederick R. Buckles*
                                        UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of July, 2006.